IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**STELLA GATEWOOD**                                                  **PLAINTIFF**

**VS.**                                            **CAUSE NO.** 4:22cv87-DMB-JMV

**DELTA BUS LINES, INC.**                              **DEFENDANT**

                                                          **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for violation of the Civil Rights Act of 1964 and the Americans with Disabilities Act. The following facts support the action:

1.

Plaintiff STELLA GATEWOOD is an adult resident citizen of 1207 Oak Lane Drive, Greenville, Mississippi 38703.

2.

Defendant DELTA BUS LINES, INC. is a Mississippi corporation. Defendant may be served with process by service upon its registered agent, Joseph Howard, 1606 North State Street, Clarksdale, Mississippi 38614.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000, *et.*

*seq.*, and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*

4.

At all relevant times, Defendant was an employer within the meaning of the Americans with Disabilities Act Amendments Act.

5.

Plaintiff was employed by Defendant for approximately two (2) years as a bus driver. Plaintiff's supervisor, John Bradford, took a sexual interest in Plaintiff, and began a pattern of sexually harassing her. Bradford made sexual advances toward Plaintiff, put his hands inside of Plaintiff's clothes, attempted to touch Plaintiff's private parts, and asked Plaintiff to send him nude pictures. In July 2020, Bradford invited Plaintiff into his office, stuck his hand inside of her shirt, and grabbed her by the breast.

6.

After Plaintiff rejected the sexual advances, and after she made it clear that she was not interested in Bradford, he began to issue meritless disciplinary actions against her. Bradford's hostility toward Plaintiff became severe in May 2021, when Plaintiff got married. Co-workers informed Plaintiff that Bradford was angry that Plaintiff had gotten married.

7.

As a retaliatory measure, Bradford began to work Plaintiff for excessive hours, instead of her normal four (4) day work shift. Plaintiff was scheduled to work four (4) days on and four (4) days off. But Bradford caused Plaintiff's hours to be increased, sometimes to the extent that she worked ten (10) hours per day. The extra hours caused Plaintiff to suffer from a physical condition, which

resulted in severe swelling of her feet. The swelling became so severe that Plaintiff could hardly walk. Plaintiff's medical doctor advised Plaintiff that she needed to work her normal work schedule of a four (4) day shift for at least three (3) months in order to diminish the swelling.

8.

On or about June 23, 2021, Plaintiff complained to the owner of the company about the harassment which she was enduring from Bradford, and presented a doctor's excuse indicating that she needed to adhere to a normal work schedule of a four (4) day work shift for at least the next three (3) months.

9.

Bradford responded that no doctor was running the company and failed to engage in the interactive process to see whether Defendant could accommodate the doctor's restrictions. Defendant has employed part-time drivers before and since and could have done so here. Defendant's owner told Plaintiff she could return to work in three (3) months when she was able to perform the extra hours beyond her four (4) day work shift or to work the hours which Defendant demanded.

10.

A few weeks after this meeting with Bradford, Plaintiff did not receive her bonus. In October 2021, Defendant canceled her insurance. Finally, Defendant caused Plaintiff's Workers' Compensation and short-term disability claims to be denied. As such, Plaintiff was effectively terminated.

11.

Defendant could have accommodated Plaintiff by adhering to her normal work shift. This would not have caused any hardship on other workers. Plaintiff was being required to work the extra hours simply as an harassment tool and not because of business necessity.

12.

Plaintiff's difficulties in walking make her less able to walk than that of the average person, and represented a disability within the meaning of the Americans with Disabilities Act. Regardless, Defendant regarded her as disabled because it would not allow her to work.

13.

Although Defendant's owner, Joseph Howard, told Plaintiff that she could try to work again in three (3) months, Plaintiff knew that she could not return to work because of the harassment of Bradford. Returning to work would be futile because Plaintiff could not be expected to work in an environment where she would be constantly harassed because of her earlier rejections of the sexual overtures by Bradford. Alternatively, Plaintiff was constructively discharged.

14.

Defendant is liable for discrimination against Plaintiff because of her disability, including failing to engage in the interactive process, and in refusing to accommodate her disability.

15.

Defendant is liable to Plaintiff for quid pro quo sexual harassment and hostile work environment sexual harassment.

16.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendant's actions.

17.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 9th day of June, 2022.

                      STELLA GATEWOOD, Plaintiff

By:   */s/ Jim Waide*
       Jim Waide, MS Bar No. 6857
       Ron L. Woodruff, MS Bar No. 100391
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street
       Tupelo, MS 38804-3955
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

           ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF Leflore

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named STELLA GATEWOOD, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

*Stella Gatewood*
STELLA GATEWOOD

GIVEN under my hand and official seal of office on this the 31st day of May, 2022.

(SEAL)

[Notary Seal: SHAUNTERIA FLOWERS, ID No 115431, NOTARY PUBLIC, Comm Expires February 28, 2024, STATE OF MISSISSIPPI, LEFLORE COUNTY]

*Shaunteria Flowers*
NOTARY PUBLIC

My Commission Expires: 02/28/24