IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**STELLA (GATEWOOD) WILLIAMS**                                                      **PLAINTIFF**

**V.**                                                                     **NO. 4:22-CV-87-DMB-JMV**

**DELTA BUS LINES, INC.**                                                             **DEFENDANT**

## ORDER

On November 16, 2022, Stella (Gatewood) Williams filed an amended complaint against her former employer Delta Bus Lines, Inc., claiming discrimination under the Americans with Disabilities Act, "quid pro quo sexual harassment and hostile work environment sexual harassment." Doc. #20[1] at 4. On June 9, 2023, Delta Bus Lines filed a motion for summary judgment, Doc. #52, and a separate 48-page memorandum brief. Doc. #53. Williams timely filed a response to the summary judgment motion on June 23, along with a separate 16-page memorandum brief. Docs. #54, #55. Seven days later, Delta Bus Lines filed (1) a 25-page reply in support of her summary judgment motion, Doc. #58;[2] (2) a motion to exceed Local Rule 7(b)(5)'s 35-page limit for her summary judgment memorandum briefs, Doc. #56; and (3) a motion for a hearing and oral argument on the summary judgment motion, Doc. #57.

Local Rule 7(b)(5) provides that a movant's "original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages." "Page limitations are important, not merely

---

[1] The amended complaint's caption has a footnote after Williams' name, the text of which states: "Plaintiff's maiden name is Stella Williams. At the time she filed her EEOC Charge, she had recently married Mr. Gatewood and planned on, but had not officially, changed her last name to Gatewood. Plaintiff is currently going through a divorce with Mr. Gatewood and has not officially ever changed her name to "Gatewood." Doc. #20 at 1. The caption of the original complaint filed June 6, 2022, named the plaintiff as "Stella Gatewood." Doc. #1 at 1. Williams' motion for leave to file the amended complaint to change her name was granted November 14, 2022. Docs. #18, #19.

[2] The reply, to which three exhibits are attached, contains legal argument and citations to case law. *See generally* Doc. #58.

to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (internal citation omitted). So leave to exceed a page limitation "should only be sought in exceptional circumstances." *Id.* (citation omitted).

The only reason Delta Bus Lines offers in support of its request to extend the 35-page limit is that its "counsel attempted to streamline the memorandum briefs as much as possible but due to the complexities and the number of issues involved in this case, the memorandum briefs exceed the page limit." Doc. #56 at PageID 950. Because Delta Bus Lines did not ask for permission to exceed the page limit when it filed its 48-page initial memorandum brief, it violated Local Rule 7(b)(5) upon its filing. And simply asserting that this case is complex does not sufficiently explain the necessity of Delta Bus Lines' seventy-three pages of briefing—over double what the Local Rules allow—especially considering the length of Williams' response memorandum brief.

For these reasons, Delta Bus Lines' motion to exceed the page limit [56] is **DENIED** and its memorandum briefs [53][58] are **STRICKEN**. Accordingly, Delta Bus Lines' motion for summary judgment [52] is **DENIED without prejudice** and its motion for hearing and oral argument [57] is **DENIED as moot**.[3] Within fourteen (14) days of the entry of this order, Delta Bus Lines may refile its motion for summary judgment in accordance with the Local Rules. If refiled, the summary judgment motion and supporting memorandum briefs may not include any

---

[3] If not moot, the motion for hearing and oral argument likely still would be denied due to procedural deficiencies. *See* L.U. Civ. R. 7(b)(6)(A) ("The court will decide motions without a hearing … unless otherwise ordered by the court … in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response."); *see also* L.U. Civ. R. 7(b)(2)(B) ("[A] motion … may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority."). The Court acknowledges that Delta Bus Lines' motion for hearing and oral argument requested the Court "waive the necessity of filing a memorandum of authorities in support" due to, according to Delta Bus Lines, "the simplicity of this motion." Doc. #57 at PageID 953. Its motion to exceed the page limit made the same request for the same reason. *See* Doc. #56 at PageID 950.

new basis for summary judgment or new legal argument.[4]

      **SO ORDERED**, this 12th day of July, 2023.

<u>/s/Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**

---

[4] If Delta Bus Lines refiles its motion for summary judgment, Williams may respond in accordance with the Local Rules.