**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**STELLA (GATEWOOD) WILLIAMS**                                                            **PLAINTIFF**

**V.**                                                                           **NO. 4:22-CV-87-DMB-JMV**

**DELTA BUS LINES, INC.**                                                          **DEFENDANT**

## ORDER

In anticipation of trial, Delta Bus Lines filed seven separate motions in limine (most with multiple requests) seeking to exclude from trial various types and items of evidence as well as certain arguments. Stella Williams responded to each motion in limine. The Court's ruling on each in limine request is below.

### I
### Standard

> The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

*EEOC v. First Metro. Fin. Serv.*, 515 F. Supp. 3d 573, 574–75 (N.D. Miss. 2021) (cleaned up). "The grant or denial of a motion in limine is considered discretionary[.]" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005); *accord Van Winkle v. Rogers*, 82 F.4th 370, 374 (5th Cir. 2023). Rulings on a motion in limine "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

The movant bears the burden of demonstrating that the evidence is inadmissible. *FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992); *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d

273, 276 (D. Del. 2013). Accordingly, "the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded." *Leonard*, 981 F. Supp. 2d at 276.

## II
## General Motion in Limine

"Defendant, Delta Bus Lines, Inc.'s General Motion in Limine" raises multiple topics and bases to exclude evidence. *See generally* Doc. #74.[1]

### A. Liability Insurance

Delta Bus Lines seeks to exclude evidence that it is "covered or not covered by any liability insurance for any of the damages sought in this suit, or that any liability insurance carrier has been involved in the investigation of this suit or of any claim arising out of the incident on which this suit is based." *Id*. at PageID 3573. Williams responds that she does not intend to introduce such evidence. Doc. #102 at 4. This request is denied as moot.

### B. Net Worth

Delta Bus Lines seeks to exclude evidence of its "net worth or value or [its] ability … to satisfy a judgment that might be rendered against it, including any assets [it] might have that may be used to satisfy a judgment," on grounds "such evidence is irrelevant, immaterial, inflammatory, grossly prejudicial and speculative" and "would violate Federal Rules of Evidence 402 and 403." Doc. #74 at PageID 3573. Williams responds that although such evidence is not relevant to

---

[1] Delta Bus Lines asks the Court to waive the memorandum brief requirement based on what it describes is "the simplicity of this motion" and asks that "[i]f the Court is unwilling to waive the requirement, [it] will file a separate memorandum of authorities upon receiving said notice." Doc. #74 at PageID 3574–75. The Court disagrees that all the requests in the motion are simple. More, given the large number of requests in the motion the Court deems it patently evasive of the memorandum requirement to simply cite certain rules of evidence in association with a request to exclude evidence with no attempt to explain why such rules or caselaw support the relief sought—especially where some authority would be helpful if not necessary in ruling on the requests. Accordingly, any denied requests of Delta Bus Lines are also denied for the additional reason of failure to submit a memorandum and/or proper argument.

compensatory damages, it is relevant to her request for punitive damages. Doc. #102 at 4.

"Relevant evidence is admissible" unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court proscribe otherwise. Fed. R. Evid. 402. "Irrelevant evidence is not admissible." *Id.* "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In *BMW of North America, Inc. v. Gore*, the United States Supreme Court clarified that while the financial position of a defendant "provides an open-ended basis for inflating awards when the defendant is wealthy, … [t]hat does not make its use unlawful or inappropriate." 517 U.S. 559, 591 (1996). "Under federal law, evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded." *Moore v. LaSalle Corr., Inc.*, 429 F. Supp. 3d 285, 292 (W.D. La. 2019).[2]

In view of this precedent, Delta Bus Lines' request to exclude evidence of its net worth or value is denied.[3] However, consistent with the ruling below on Delta Bus Lines' request for bifurcation, evidence of net worth or value will be allowed to the extent a punitive damages phase is reached.

---

[2] *Accord United States v. Big D Enters., Inc.*, 184 F.3d 924, 932 (8th Cir. 1999) ("Under federal law, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded."); *Jackson v. Wilson Welding Serv.*, No. 10-2843, 2011 WL 5024360, at *2 (E.D. La. Oct. 20, 2011) ("[I]t is well established that evidence of a defendant's financial worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim."); *Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, No. 18-8177, 2020 WL 4875569, at *1 (E.D. La. Jan. 17, 2020) ("A defendant's financial information does not generally trigger [Rule 403] when punitive damages are at issue."); *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269 (1981) ("By allowing juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources, the statute directly advances the public's interest in preventing repeated constitutional deprivations.").

[3] If the jury does not award Williams compensatory damages, the Court will not allow Williams to submit evidence of Delta Bus Lines' net worth for the issue of punitive damages.

## C.  Settlement Negotiations

Delta Bus Lines requests "[a]ny settlement offers and/or negotiations that either have or have not been made or undertaken by any party to this lawsuit or by any other individual" be excluded pursuant to Federal Rule of Evidence 408.[4]  Doc. #74 at PageID 3573.  Williams responds that she will not introduce settlement offers or negotiations at trial.  Doc. #102 at 5.  This request is denied as moot.

## D.  Comments about Objections

Delta Bus Lines requests:

> Prejudicial or otherwise inappropriate comments about or allusions to the fact that [its] counsel … has, at any point before or during the trial of this case, made any objection, whether it be sustained or overruled, or failed to make any objection as to any matter … be excluded under Federal Rules of Evidence 103, 104 and 403.

Doc. #74 at PageID 3573.  Williams responds that she does not intend to introduce such evidence.

Doc. #102 at 5.  This request is denied as moot.

## E.  Documents Not Provided

Delta Bus Lines requests:

> Any mention made in any form concerning any documents, summaries of writings, records, photographs, or other tangible things or items that have not previously been made available to [its] attorneys for examination or copying in connection with the case, prior to the trial of this case, … be excluded under Federal Rules of Evidence 402, 403 and 1002.

Doc. #74 at PageID 3573.  Williams responds that she intends to abide by the "Federal Rule of Evidence" but "[t]his request is vague and [she] is unable to respond to non-specific documents."

Doc. #102 at 5 (emphasis omitted).  Williams also says she "is unaware of any relevant items not produced to [Delta Bus Lines]."  *Id.*

---

[4] Delta Bus Lines also argues that the evidence of settlement negotiations should be excluded under Federal Rule 403 because "the probative value of such evidence would clearly be outweighed by the danger of unfair prejudice."  Doc. #74 at PageID 3573.

Because the Court agrees that Delta Bus Lines is vague in its request (as well as overbroad) and does not identify a specific piece of evidence it moves to exclude,[5] the request is denied without prejudice. *Leonard*, 981 F. Supp. 2d at 276.

### F. Equally Available Witnesses

Delta Bus Lines requests that "[a]ny mention of or reference to any witness who was equally available to either party who was not called as a witness, or to what would have been the testimony of any witness who was not actually called to testify" be excluded under Federal Rules of Evidence 103(c), 402, 403, 602, 701, and 802 because such would be irrelevant, inflammatory, immaterial, highly prejudicial, speculative, and based on hearsay. Doc. #74 at PageID 3573. Williams responds that she "cannot … agree not to reference any witness without knowing the identity of that witness or the circumstances under which that witness was not called." Doc. #102 at 6.

"[A] party's failure to call a witness *equally* available to both sides may not be properly commented on [during trial]." *United States v. MMR Corp. (LA)*, 907 F.2d 489, 501–02 (5th Cir. 1990), *cert. denied*, *Rutland v. United States*, 499 U.S. 936 (1991). However, because Delta Bus Lines has not identified a particular equally available witness to allow consideration of whether such witness was indeed equally available to both sides, the request is denied without prejudice.

### G. Controlled Witnesses

Delta Bus Lines requests that "any comment or argument that some witness or person under, and/or not under, [its] control … was not called by [it] to testify" be excluded under Federal Rules of Evidence 103(c), 402, and 403, because such is "irrelevant, inflammatory, immaterial, and highly prejudicial." Doc. #74 at PageID 3573. Williams responds that the request is

---

[5] *See* Doc. #74 at PageID 3573.

"impermissibly vague" and she "cannot identify the particular witnesses, nor … speculate as to the circumstances under which those witnesses might not be called." Doc. #102 at 6.

"[I]f a party fails to call a witness peculiarly within his control that may shed light on a fact issue, the [opposing party] may properly comment on that failure." *MMR Corp.*, 907 F.2d at 502. For example, a current employee of Delta Bus Lines is not equally available to both sides so evidence of any such controlled witness is not clearly excludable on all potential grounds. But because Delta Bus Lines does not state the specific persons it references for this request, the request is denied without prejudice.

### H. Demands/Requests in the Jury's Presence

Delta Bus Lines moves to exclude:

> Any demands or requests by [Williams] before the jury for documents or materials found or contained in [its] or in any witness' file, which would include statements, pleadings, photographs, and other documents, requests that the attorneys for [it] or any witnesses produce documents, stipulate to any fact, or make any sort of agreement in the presence of the jury, and/or any demand or request for further or additional physical demonstrations, or other inspections, tests, examinations, or demonstrations during the course of the trial in the presence of the jury. Such comments would be irrelevant, inflammatory, immaterial and highly prejudicial. Such remarks should be excluded under Federal Rules of Evidence 103, 104 and 403.

Doc. #74 at PageID 3573. Williams responds that she (1) "is unaware of what 'demands or request' to which [Delta Bus Lines] refers;" (2) "believes [Delta Bus Lines] has responded to discovery requests propounded by [her];" (3) "has made no other demands or requests for [Delta Bus Lines'] file or the file of any witness;" and (4) argues that the request is "impermissibly vague." Doc. #102 at 6.

To the extent Delta Bus Lines primarily focuses on such demands or requests being made in the jury's presence, the Court agrees such may be inflammatory or highly prejudicial if the demand or request is irrelevant and/or immaterial to the issues tried. Even if the demand or request

may be relevant, the prudent course would be to raise the issue with the Court out of the jury's presence to avoid the potential for prejudice and to allow the Court to determine how such should be addressed. However, to the extent that Delta Bus Lines does not identify a specific piece of evidence that Williams has demanded or requested, the request is denied. Accordingly, this request is granted in part and denied in part without prejudice.

### I. Motion in Limine Itself

Delta Bus Lines requests that its general motion in limine, its contents, and any ruling by the Court be excluded under Federal Rules of Evidence 103, 104, and 403. Doc. #74 at PageID 3574. Williams responds that she does not intend to reference Delta Bus Lines' motions in limine. Doc. #102 at 6. This request is denied as moot.

### J. Defense Counsel

Delta Bus Lines moves to exclude "[a]ny reference to the type or character of the legal practice of [its] attorneys … or to the size of the Goliday Law Firm or that [its] attorneys … typically try to blame plaintiffs or third parties as being the responsible parties to lawsuits." Doc. #74 at PageID 3574. Williams responds:

> The general practice in this district i[s] for the Court to introduce the attorneys and identify their respective law firms to the jurors. Any method this Court chooses to introduce counsel and their firm will be agreeable to [her]. [She] and her counsel have no intention of offering any evidence as to "the type or character of the legal practice of the attorneys for defendant, or to the size of the Goliday Law Firm or that the attorneys for defendant typically try to blame plaintiffs or third parties as being the responsible parties to lawsuits."

Doc. #102 at 7.

Since Williams does not intend to introduce such evidence, the request is denied as moot.

### K. Witnesses Not Identified in Pretrial Order

Delta Bus Lines requests the Court prohibit Williams from "offering as evidence and/or

making reference to the personal knowledge, facts, opinions or conclusions of any person with knowledge of relevant facts and/or expert witnesses not properly identified by [Williams] in the *Pretrial Order*." Doc. #74 at PageID 3574. Williams says she intends to abide by the Federal Rules of Evidence but does not know "what witnesses [Delta Bus Lines] references." Doc. #102 at 8.[6]

The Court considers this request both vague and potentially overbroad. To the extent Delta Bus Lines seeks to exclude any testimony from any witness not properly identified as a witness in the pretrial order, the request is granted. To the extent the motion requests something else, it is denied without prejudice subject to further specification and explanation by Delta Bus Lines.

## L. Pleadings, Interrogatories, or Discovery

Delta Bus Lines moves to exclude under Federal Rules of Evidence 402, 802, and 1002, "[a]ny statements or language contained in plaintiff's or defendant's pleadings or answers to interrogatories or discovery unless such pleadings or answers have been properly introduced into evidence." Doc. #74 at PageID 3574. Williams responds that she "intends to abide by the Federal Rules of Evidence with regard to the admission into evidence of pleadings or discovery responses." Doc. #102 at 8 (emphasis omitted).

Because Williams says she intends to abide by the Federal Rules of Evidence and because this Court intends to disallow any evidence to be admitted that is not properly introduced as substantive evidence,[7] the request is denied without prejudice.

---

[6] Federal Rule of Civil Procedure 16(b) authorizes district courts to oversee pretrial discovery through a scheduling order. Fed. R. Civ. P. 16(b). The Fifth Circuit has interpreted Rule 16(b) to mean that district courts have "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation omitted). Essentially, "[t]he importance of … proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Id.* at 792.

[7] As a limited exception, impeachment materials do not necessarily have to be admissible to be used at trial. *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 546 (5th Cir. 1978) ("Often evidence inadmissible for some other purpose may be admissible as impeachment evidence."); *but see Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 678 (E.D. Tex. 2017) ("Courts have frequently warned against the improper use of

## M. Bifurcated Punitive Damages

Delta Bus Lines "moves to bifurcate the trial proceedings requiring Court and jury to make a determination as to plaintiff's compensatory damages claims before evidence supporting the plaintiff's punitive damages claims is put before the jury and before the determination is made as to whether punitive damages should be awarded." Doc. #74 at PageID 3574. Williams responds that she "will not address punitive damages until such time as this Court deems the punitive damages phase of the trial appropriate." Doc. #102 at 9.

"[I]n [the] federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018) (affirming a district court's decision to bifurcate punitive damages). Given this precedent and Williams' response, Delta Bus Lines' request to bifurcate the compensatory phase of trial and any punitive damages phase of trial will be granted as unopposed.

## N. Punitive Damages

Delta Bus Lines "moves to prohibit [Williams] from presenting any evidence with regard to her claims for punitive damages until the trier of fact has determined whether compensatory damages are to be awarded and in what amount." Doc. #74 at PageID 3574. Williams responds that she "will not, without some instruction from this Court, address punitive damages until compensatory damages have been awarded." Doc. #102 at 9. Accordingly, Delta Bus Lines' request to exclude evidence pertaining to punitive damages until after the issue of compensatory damages is decided is denied as moot.

---

impeachment evidence, advising, for example, that it is improper to use evidence for impeachment that is inadmissible as substantive evidence when the purpose of its use is not to impeach the witness but to put inadmissible evidence before the jury.").

### III
### "Prejudicial Matters"

"Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Evidence Regarding

Certain Prejudicial Matters" moves this Court:

> [(1)] to instruct opposing counsel not to mention within the hearing of any member
> of the jury panel, either in *voir dire* or at any time during trial, or in questions of
> any witness, or in argument or by objections or sidebar remarks, in the presence of
> the jury or otherwise, any of the [following] matters …, either directly or indirectly,
> until such matter has been first called to the Court's attention out of the presence
> and hearing of the jury and a ruling has been made by the Court as to each such
> matter [and (2) that] opposing counsel be instructed to apprise each of plaintiff's
> witnesses of the contents of this *Motion* so that such *Motion* not be violated by any
> witness.

Doc. #75 at PageID 3576.[8]  It submits "such evidence would be so irreparably prejudicial that not

even proper instruction to the jury not to consider such improper matters would remove such

prejudice to [it]." *Id.* at PageID 3577.

### A.  Violations of Federal Work Hour Restrictions

Delta Bus Lines moves to exclude evidence that it "required [Williams] or any of its drivers

to operate its bus in violation of the time restrictions and work hours mandated by federal law"

because "such evidence is irrelevant, immaterial, inflammatory, grossly prejudicial and

speculative, and the admission … would violate Federal Rules of Evidence 402 and 403."  *Id*.

Williams responds that "[t]his evidence is relevant since [Delta Bus Lines] claims that it made the

'ultimate decision to take [her] out of service because of the safety concerns'" and evidence that

---

[8] Delta Bus Lines asks the Court to waive the memorandum brief requirement based on what it describes is "the
simplicity of this motion" and asks that "[i]f the Court is unwilling to waive the requirement, [it] will file a separate
memorandum of authorities upon receiving said notice." Doc. #75 at PageID 3578.  The Court disagrees that all the
requests in the motion are simple.  More, given the large number of requests in the motion the Court deems it patently
evasive of the memorandum requirement to simply cite certain rules of evidence in association with a request to
exclude evidence with no attempt to explain why such rules or caselaw support the relief sought—especially where
some authority would be helpful if not necessary in ruling on the requests.  Accordingly, any denied requests of Delta
Bus Lines are also denied for the additional reason of failure to submit a memorandum and/or proper argument.

Delta Bus Lines violated federal work hour restrictions is "evidence that [it] is not concerned about safety." Doc. #88 at 2 (citing Doc. #61 at 7).

"[O]nly *unfair* prejudice, *substantially* outweighing probative value, … permits exclusion of relevant matter under Rule 403." *United States v. Barnes*, 803 F.3d 209, 221 (5th Cir. 2015) (quoting *United States v. Pace*, 10 F.3d 1106, 1115–16 (5th Cir. 1993)). Delta Bus Lines does not explain how the admission of such evidence is *unfairly* prejudicial or how any prejudice *substantially* outweighs any prejudicial value. *See generally* Doc. #75. Delta Bus Lines also fails to reply to Williams' argument that such evidence is probative of its lack of concern for safety. *See generally id*. Because such evidence is not *clearly* inadmissible on all grounds, the request is denied.

## B.  Claims or Suits Based on John Bradford

Delta Bus Lines moves to exclude under Federal Rules of Evidence 402, 403, 801, and 802, "[a]ny prior or subsequent claims or suits against [it] arising from the operation of a [Delta Bus Lines] bus by John Bradford" because "[a]ny such claim is hearsay, irrelevant and immaterial and would be grossly prejudicial to defendant." *Id*. at PageID 3577. Williams responds that she is "unaware of any claims or suits against Bradford arising out of Bradford's accident. [The] motion, however, implies that there have been claims or suits. … Therefore, [she] cannot appropriately respond to this motion." Doc. #88 at 3.[9]

Because Delta Bus Lines does not identify what lawsuits it seeks to exclude or the precise

---

[9] Williams also responds that "[t]o the extent Defendant is seeking to exclude evidence of the fact of the accident involving Bradford in which four (4) people were killed, such evidence is relevant" because "[it] undermines [Delta Bus Lines'] claim that it is actually concerned about safety." Doc. #88 at 3. The Court considers Delta Bus Lines' request as seeking only to exclude evidence of Bradford's *other lawsuits*—not evidence of the fact that Bradford was involved in an accident.

nature of such suits, the request is denied without prejudice.[10]

### C. Prior or Subsequent Suits against Delta Bus Lines

Delta Bus Lines moves to exclude "[a]ny prior or subsequent claims or suits against [it] made at any time by any person or entity" as "hearsay, irrelevant and immaterial and … grossly prejudicial" under Federal Rules of Evidence 402, 403, 801, and 802. Doc. #75 at PageID 3577. Williams does not respond to this request. *See generally* Doc. #88. Because Williams does not respond to this request (though Delta Bus Lines does not identify what lawsuits it seeks to exclude as evidence), the request is granted as unopposed.

### D. Derogatory Comments about Delta Bus Lines

Delta Bus Lines moves to exclude "[a]ny general derogatory comments about [it]" under Federal Rules of Evidence 402 and 403 because "[s]uch comments would be irrelevant, inflammatory, immaterial and highly prejudicial." Doc. #75 at PageID 3577. Williams responds that she "has no means of responding to this Motion because [Delta Bus Lines] does not identify what 'comments' [it] wants to exclude." Doc. #88 at 4.

Because Delta Bus Lines does not identify any particular comment or explain why such is derogatory, the Court cannot determine whether such is relevant under Rule 401 or whether the risk of unfair prejudice outweighs the probative value of the statements under Rule 403. Accordingly, this request is denied without prejudice.

### E. Failure to Comply with Order

Delta Bus Lines "moves the Court to order that the violation of any of these instructions

---

[10] Other lawsuits typically are only relevant as evidence if those lawsuits contain the same types of claims and can be used to demonstrate systemic behavior. *See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) (in law firm's suit against a former client for collection of legal fees, firm's request for materials related to prior lawsuits against attorneys was relevant to prove conduct on particular occasion was in conformity with habit or routine practice); *see also F & A APLC v. Core Funding Grp., L.P.*, No. 07-543, 2009 WL 2214184, at *2 n.1 (M.D. La. July 23, 2009) ("Evidence of other lawsuits is typically only relevant if those lawsuits involve similar claims and can be used to establish a pattern or a habit or routine practice.") (collecting cases).

… deprives it of a fair and impartial trial" and "[f]ailure to abide by this Court's order may constitute contempt and necessitate a mistrial."[11]  Doc. #75 at PageID 3578.  Williams does not respond to this request.  *See generally* Doc. #88.

To the extent this request asks the Court to impose consequences for violating this order, it is granted.  Should Williams or her counsel fail to comply with any of the Court's rulings on this motion, whether the ruling is set forth in a written order or otherwise, the Court will determine the appropriate sanction then.  To the extent this request asks the Court to determine in advance the effect or consequences of any such violation, it is denied.

### IV
### Yvonne Tanner

Delta Bus Lines moves to exclude as unreliable and thus contrary to Federal Rule of Evidence 702 "testimony from Yvonne Tanner, F.N.P., which indicates that [Williams] could safely operate a DBL bus and was qualified to continue her job as a DBL bus driver so long as she was allowed to work a four day on/four day off work schedule."[12]  Doc. #76 at PageID 3581; *see* Doc. #77.[13]  Williams responds that the motion in limine is actually a *Daubert* motion filed after the *Daubert* motions deadline and should be denied for violating both the Local Uniform Civil Rules and the case management order.  Doc. #90 at 1.

"A *Daubert* motion allows a party to challenge the opposing party's expert witnesses on several grounds. First, a Daubert challenge allows a party to challenge an expert's qualifications. Further, an opposing party may attack the reliability of an expert's testimony."  *Robinson v.*

---

[11] Delta Bus Lines makes the same request in its first motion in limine.  Doc. #74 at PageID 3574.

[12] Delta Bus Lines also seeks to exclude such testimony by "all other witness[es]."  Doc. #76 at PageID 3581.

[13] Delta Bus Lines argues "the probative value of testimony and evidence related to and supportive of those opinions would clearly be outweighed by the danger of unfair prejudice to [it], and therefore, the evidence should be excluded under Federal Rules of Evidence 402 and 403."  Doc. #77 at PageID 3972.

*Colucci*, No. 3:16-cv-687, 2018 WL 2025861, at *9 (S.D. Miss. May 1, 2018) (citation omitted);

*see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (purpose of *Daubert* analysis "is to

ensure the reliability and relevancy of expert testimony"). "[A] Court need not consider untimely-

filed *Daubert* challenges." *Koch Foods, Inc. v. Pate Dawson Co.*, No. 3:16-cv-355, 2018 WL

651371, at *3 (S.D. Miss. Jan. 31, 2018).

Local Uniform Civil Rule 7(b)(2)(D) provides that "[u]nless otherwise ordered by the Case

Management Order, all case-dispositive motions and motions challenging an opposing party's

expert must be filed no later than fourteen calendar days after the discovery deadline."

In this case, the September 27, 2022, case management order mandated a deadline of April

27, 2023, for "[a]ll dispositive and *Daubert*-type motions challenging another party's expert[s]."

Doc. #13 at PageID 40. On May 30, 2023, United States Magistrate Judge Jane M. Virden

extended the deadline to June 9, 2023, on Delta Bus Lines' motion.[14] Doc. #51; *see* Doc. #50 at

PageID 153. The motion to exclude parts of Tanner's testimony was filed on August 30, 2023.

Doc. #76. Because the memorandum brief cites *Daubert* and argues Tanner should be excluded

as unreliable,[15] the Court construes this current request to exclude Tanner's testimony as a veiled

*Daubert* motion.[16] For this reason, the motion is denied as untimely. *See Koch Foods, Inc.*, 2018

WL 651371, at *3.

## V
## Damages Evidence

In her complaint, Williams seeks "actual and punitive damages in an amount to be

---

[14] Delta Bus Lines' May 29 motion to extend the deadline did not specifically refer to *Daubert*-type motions. *See* Doc. #50.

[15] Doc. #77 at PageID 3969.

[16] *See Bedingfield v. Deen*, No. 09-369, 2011 WL 2712950, at *1 (W.D. La. July 8, 2011) ("The Court agrees that the instant Motion in Limine is, in actuality, a veiled *Daubert* motion. The motion clearly challenges the qualifications of Dr. Grosbach and the reliability of his opinions, both issues a party properly challenges via a *Daubert* motion."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002); *Kumho Tire*, 526 U.S. at 137.

determined by a jury, reinstatement, and reasonable attorneys' fees and costs." Doc. #1 at 5. In "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Certain Evidence Regarding Damages," Delta Bus Lines moves to exclude:

> evidence, testimony and all other witness, and inferences supporting or otherwise indicating that [Williams] is entitled to back pay for the period after she began working as an interstate truck driver for Covenant Trucking or any form of front pay. Plaintiff should also be prohibited from seeking non-economic damages in excess of $50,000.00.

Doc. #78 at PageID 3977.[17] Specifically, Delta Bus Lines argues Williams (1) "should be prohibited from presenting evidence at trial which indicates that she is entitled to back pay for the period of time after she started her employment with Covenant Trucking to the date of judgment;" (2) "should be prohibited from putting forth evidence which suggests that she is seeking front pay since it is undisputed that she failed to mitigate her damages;" and (3) "should be prohibited from seeking non-economic damages in excess of $50,000" because Delta Bus Lines is an employer with fewer than 101 employees.[18] Doc. #79 at PageID 4275, 4277–78.

In response, Williams argues the motion should be denied because (1) "mitigation is not the proper subject of a motion in limine;" (2) "[e]vidence concerning mitigation of damages is not evidence which is prejudicial;" (3) "[s]uch evidence must necessarily be introduced in calculating damages;" (4) "[e]ven a failure to mitigate does not require the Court to deny front pay;" and (5) "the Court cannot determine whether [she] unreasonably failed to mitigate by moving from the job at Covenant Transportation to employment with the City of Greenville, Mississippi until trial."

---

[17] The motion attaches as an exhibit the entire 294 pages of Williams' deposition testimony but the memorandum appears to cite only nine pages of it. Docs. #78-1; Doc. #79 at PageID 4274–75, 4277. Some of Delta Bus Lines' other motions in limine attach Williams' entire deposition too. *See* Docs. #76-3, #80-1, #82-2, #84-2.

[18] Back pay is designed to compensate the plaintiff for the benefits she would have received but for the employer's discrimination. *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 482–83 (5th Cir. 2007) (citations omitted). "[F]ront pay is a prospective remedy that estimates the damage plaintiff will continue to suffer after the date of final judgment as a result of the wrongdoing." *Id*. at 490–91.

Doc. #92 at 3, 4.

A motion in limine should not be used to argue certain damages may not be recovered because that is the function of a motion for summary judgment, with its accompanying procedural safeguards. *See United States v. Dawn Prop's, Inc.*, No. 1:14-cv-224, 2016 WL 7227929, at *2 (S.D. Miss. Dec. 13, 2016) ("A motion *in limine* is not a substitute for summary judgment, and Defendants did not raise [the issue of damages] in their summary judgment motion."); *Smith v. Tower Auto. Operations, USA, 1, LLC*, No. 3:14-cv-967, 2014 WL 1404734, at *4 (S.D. Miss. Apr. 10, 2014) (denying motion in limine that requested limiting evidence related to front pay and back pay and opining that "the issue of mitigation of damages as it relates to back pay in this case is a fact-intensive issue … [for] the jury"); *see also Provident Life & Accident Ins. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) (motion in limine cannot be used as substitute for motion for summary judgment); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069–70 (3d Cir. 1990) (motions in limine are not subject to the same procedural safeguards as motions for summary judgment). More, though Delta Bus Lines moves for such relief pursuant to Federal Rule of Evidence 403, *see* Doc. #79, it does not argue that the "probative value [of the evidence] is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. So Delta Bus Lines has not met its burden under Rule 403 and this motion is denied.

## VI
## Punitive Damages

Delta Bus Lines moves to exclude "all evidence relating to punitive damages." Doc. #80 at PageID 4280. It argues that (1) Williams cannot prove that "she is entitled to a punitive damage award because there exists no evidence that [Delta Bus Lines] acted with 'malice or reckless indifference to [her] federally protected rights;'" and (2) "[a]ny evidence offered in support of …

a [punitive damages] claim, … would be irrelevant under Federal Rule of Evidence 402 and highly prejudicial under Federal Rule of Evidence 403." Doc. #81 at PageID 4617–18, 4620 (emphasis omitted). Williams responds that (1) "[t]he evidence supporting punitive damages cannot be excluded because it is the same evidence relevant to compensatory damages," and (2) Delta Bus Lines' motion "in effect, is a motion for partial summary judgment on the punitive damages issue." Doc. #94 at 3.

Again, a motion in limine is not a substitute for a summary judgment motion, particularly on the issue of punitive damages.[19] *Marlow LLC v. BellSouth Telecomm., Inc.*, No. 2:10-cv-135, 2013 WL 125900, at *5 (S.D. Miss. Jan. 9, 2013) (denying motion in limine to exclude evidence related to punitive damages, ruling that "[t]he Court will defer ruling as to whether the jury may consider awarding punitive damages until after it has heard all of the evidence at trial."); *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011) (denying motion in limine to exclude punitive damages because "[a] motion *in limine* seeks to exclude anticipated prejudicial evidence before it is actually offered …, not to determine the sufficiency of the evidence or merits of an issue.") (internal citation omitted); *see also Dawn Prop's*, 2016 WL 7227929, at *2. For these reasons, Delta Bus Lines' motion to exclude evidence related to punitive damages is denied.

## VII
## Retaliation Claim

Delta Bus Lines moves to exclude testimony and evidence related to Williams' retaliation claim. Doc. #82. Williams responds that the "motion should be stricken since it duplicates the arguments already made on summary judgment." Doc. #96 at 3. Because the Court's February

---

[19] Delta Bus Lines did not specifically raise the issue of punitive damages in its motion for summary judgment or memorandum brief. *See generally* Docs. #60, #61.

12 ruling on Delta Bus Lines' summary judgment motion concluded that Williams failed to plead a retaliation claim, *see* Doc. #130 at 16–18, this request is denied as moot.

### VIII
### Time-Barred Claims

Delta Bus Lines moves to exclude testimony and evidence related to Williams' claims for quid pro quo and hostile work environment sexual harassment. Doc. #84 at PageID 4972. Williams responds that (1) the Court should strike the motion because it is actually a partial motion for summary judgment and (2) Delta Bus Lines' "argument is identical to the argument made in its Memorandum Brief in Support of Motion for Summary Judgment." Doc. #98 at PageID 5330. Because the Court's February 12 ruling on Delta Bus Lines' summary judgment motion concluded that Williams' sexual harassment claims are time barred, *see* Doc. #130 at 22–23, this request is denied as moot.

### IX
### Conclusion

Based on the rulings above:

1.     "Defendant, Delta Bus Lines, Inc.'s General Motion in Limine" [74] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Delta Bus Lines seeks to (1) prohibit Williams from making demands or requests in the jury's presence, (2) exclude references to witnesses that not identified in the pretrial order, and (3) bifurcate trial. It is DENIED in all other respects.

2.     "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Evidence Regarding Certain Prejudicial Matters" [75] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it requests (1) evidence of Delta Bus Lines' prior or subsequent lawsuits be excluded, and (2) consequences for violating this order. It is DENIED in all other respects.

3.    "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Certain Testimony of Yvonne Tanner, F.N.P." [76] is **DENIED**.

4.    "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Certain Evidence Regarding Damages" [78] is **DENIED**.

5.    "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Evidence Related to Punitive Damages" [80] is **DENIED**.

6.    "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Testimony and Evidence Related to Retaliation Claim" [82] is **DENIED as moot**.

7.    "Defendant, Delta Bus Lines, Inc.'s Motion in Limine to Exclude Testimony and Evidence Related to Claims Barred by the Applicable Statute of Limitations" [84] is **DENIED as moot**.

    **SO ORDERED**, this 13th day of February, 2024.

    /s/Debra M. Brown
    **UNITED STATES DISTRICT JUDGE**